IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Frank T. Singleton, III, | ) | C/A No.: 1:14-408-RMG-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Director Myers of the Alvin S. Glenn Detention Center, Officer Scott, Officer White, and Capt. Bufford,[1] | ) ) ) ) | |
| Defendants. | ) ) | |

Frank T. Singleton ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated at Alvin S. Glenn Detention Center ("ASGDC"). He sues the following ASGDC employees: Director Myers, Officer Scott, Officer White, and Captain Bufford ("Defendants").

This matter comes before the court on Defendants' motion for summary judgment. [ECF No. 39]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [ECF No. 40]. The *Roseboro* order specifically advised Plaintiff to include in his response to summary judgment an explanation of his version of the facts, legal arguments, and documentary evidence supporting his version of the facts. *Id*. The motion having been fully briefed [ECF Nos.

---

[1] Defendants indicate that the proper last name of Capt. Buff is Bufford. [ECF No. 39-1 at 2, n.1].

47, 48],[2] it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). Because the motion is dispositive, this report and recommendation is entered for the district judge's consideration. For the reasons that follow, the undersigned recommends granting Defendants' motion for summary judgment.

I.   Factual and Procedural Background

Plaintiff alleges that on June 17, 2011, he fell and injured himself while being detained in India Dorm at ASGDC. [ECF No. 1 at 3]. Plaintiff alleges that he slipped in water, which he claims leaked from "stopped up drain pipes" in the showers, and fell down the stairs. *Id*. After Plaintiff fell down the stairs, he was seen by medical and transported to the hospital. *Id*. Plaintiff alleges that he was severely bruised and in pain. *Id*. Plaintiff further alleges that he submitted numerous request-to-staff forms and grievances to Myers and Bufford regarding stopped-up water pipes causing water "to be all over" the top and bottom tiers and the stairs. *Id*.

---

[2] Plaintiff's response to Defendants' motion was originally due by December 22, 2014. [ECF No. 40]. Plaintiff requested and was granted an extension until January 21, 2015. [ECF Nos. 42, 43]. On January 23, 2015, the undersigned issued an additional order, noting that despite having received a *Roseboro* order advising him of the importance of filing an adequate response, Plaintiff had failed to respond to the motion. [ECF No. 45]. The undersigned directed Plaintiff to "advise the court whether he wishes to continue with this case and to file a response to Defendants' motion for summary judgment by February 6, 2015." *Id*. Plaintiff filed a response on February 6, 2015, indicating that he wished to continue with the case, but provided no argument or evidentiary support to his opposition to the summary judgment motion. [ECF No. 47]. As Plaintiff has been adequately warned of the consequences of failing to file an adequate response to summary judgment, the undersigned addresses the motion based on the record before the court.

Plaintiff alleges that upon his return to ASGDC, an ASGDC doctor indicated that he should be placed "in SHU for Medical 24 hour lockdown hold." *Id*. at 4. Plaintiff alleges that White put him in a "lockdown shower behind steel bars for an hour standing in lots of pain." *Id*. Plaintiff alleges that White then told him to put his swollen hand behind his back, but Plaintiff advised White that this was painful and difficult for him. *Id*. Plaintiff alleges that White then jerked his arm, causing his hand to hurt even more, and placed him in handcuffs. *Id*.

Sometime later that morning, the night staff transported Plaintiff, without handcuffs, to a medical room. *Id*. Plaintiff alleges that the medical room did not have a working sink and that he had no access to running water for 18 days. *Id*. Plaintiff was provided juice and water at each meal and each time he took medication. *Id*. Plaintiff alleges that a nurse asked the janitors to repair the sink in Plaintiff's room, but the repairs were not completed. *Id*. Plaintiff also alleges that he was not allowed to contact his family. *Id*.

II.     Discussion

    A.     Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a

movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.  Analysis

Defendants contend that they are entitled to summary judgment on Plaintiff's claims because he has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section

1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. *See Booth v. Churner*, 532 U.S. 731 (2001). Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. *Porter*, 534 U.S. at 524.

Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). Thus, "it is the prison's requirements, and not the [PLRA], that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Defendants have the burden of establishing that a plaintiff failed to exhaust his administrative remedies. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 683 (4th Cir. 2005).

Kenneth Sligh, ASGDC inmate coordinator, states that pursuant to ASGDC policy, an inmate must first attempt to informally resolve the issue by bringing it to the attention of the security staff. Sligh Aff. ¶ 5 [ECF No. 39-6]. If an informal resolution is unsuccessful, an inmate must fill out an inmate grievance form and submit it to the detention officers in that inmate's housing area. *Id*. The grievance will be responded to by

5

the lowest level of the chain-of-command possible, and the staff response is given to the inmate. *Id*. If the inmate is not satisfied with the staff response, he may appeal the staff response to the Director or his designee to complete the inmate grievance policy. *Id*.

The purpose of the exhaustion requirement is twofold. First, it gives an administrative agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court." *Woodford*, 548 U.S. 81, 89 (internal citations omitted). Second, "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court." *Id.* Any consideration of administrative remedies pursued after the commencement of the litigation would only serve to frustrate both purposes of the PLRA's exhaustion requirement.

In his verified complaint,[3] Plaintiff states that he "wrote grievances on how [he] was being treated and about how Officer White left [him] in the lockdown shower for an hour and I have complain[ed] on ASGDC inmate to staff request forms to [] Director Myers and Captain Buff numerous [] times about my situation . . . ." [ECF No. 1 at 4]. According to Sligh, ASGDC grievance coordinator, a review of Plaintiff's grievance history reveals that he did not file a single grievance while detained at ASGDC. Sligh Aff. ¶ 7. Plaintiff has asserted no arguments in response and has submitted no grievance records.

---

[3] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits when the allegations contained therein are based on personal knowledge. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991).

Plaintiff's self-serving statement in his verified complaint is insufficient to avoid summary judgment in light of the contrary evidence provided to this court. *Poe v. Bryant*, C/A No. 9:12-3142-RMG, 2013 WL 6158023, at *2 (D.S.C. Nov. 21, 2013) (citing *Malik v. Sligh*, No. 5:11-1064-RBH, 2012 WL 3834850, at *5 (D.S.C. Sept. 4, 2012), *aff'd*, 507 F. App'x 294 (4th Cir. 2013) (finding that a self-serving affidavit from the plaintiff was "simply not enough to create a genuine dispute as to any material fact" in light of the other evidence that disputed the credibility of plaintiff's self-serving claims); *see also Pearson v. Stevenson*, C/A No. 9:14-454-RBH, 2015 WL 733814, *2 (D.S.C. Feb. 20, 2015) (finding that "Plaintiff may not escape summary judgment by simply asserting that 'yes I did' exhaust administrative remedies"). In light of Plaintiff's failure to provide any evidence of his having exhausted his administrative remedies in response to Defendants' evidence to the contrary, the undersigned finds that he has not exhausted his administrative remedies. Therefore, the undersigned recommends Defendants' motion for summary judgment be granted.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendants' motion for summary judgment be granted.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

April 9, 2015                                                Shiva V. Hodges
Columbia, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).