IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frank T. Singleton, III, ) | |
| ) | Civil Action No.: 1:14-408-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Director Myers of the Alvin S. Glenn ) | |
| Detention Center, Officer Scott, Officer ) | |
| White, and Capt. Bufford, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation ("R&R) of the Magistrate Judge (Dkt. No. 49) recommending that this Court grant Defendants' motion for summary judgment. (Dkt. No. 39). The Court hereby ADOPTS the R&R and DISMISSES the complaint.

Plaintiff, Frank T. Singleton, III, filed this *pro se* action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983 (Dkt. Nos. 1 and 47). Plaintiff sues the following Alvin S. Glenn Detention Center ("ASGDC") employees: Director Myers, Officer Scott, Officer White, and Captain Bufford ("Defendants"). Plaintiff alleges that on June 17, 2011, he fell and injured himself while being detained in the I Dorm at ASGDC (Dkt. No. 1 at 3). Plaintiff alleges that he slipped in water, which he claims leaked from "stopped up drain pipes" in the showers, and fell down the stairs. *Id.* Plaintiff was seen by medical and transported to the hospital after the fall for evaluation. *Id.* Plaintiff alleges that he submitted numerous requests-to-staff forms and grievances to Director Myers and Captain Bufford regarding the stopped-up water pipes causing water "to be all over" the top and bottom tiers and the stairs prior

to the incident. *Id.* He further complains that his medical treatment was insufficient following his fall, and that he was held in a cell with no running water for eighteen days. *Id.*

In accordance with 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2) DSC, this matter was referred to a Magistrate Judge. Defendant filed a motion for summary judgment on November 14, 2014. (Dkt. No. 39). Upon the issuance of the Magistrate Judge's R&R, Plaintiff was advised that any written objections to the R&R must be made within 14 days of service, and that in the absence of timely written objections this Court would provide limited "clear error" review and Plaintiff would waive his right to appeal the judgment of the District Court. Plaintiff has not responded to Defendant's motion, and has not filed objections to the R&R, despite receiving and being granted two motions for extension of time to respond. (Dkt. Nos. 52 and 56).[1]

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* As to portions of the R&R to which no specific objection is made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee note).

---

[1] Plaintiff filed a document docketed as a "response" to the motion for summary judgment (Dkt. No. 51); however, the submission consisted of several lines explaining that Plaintiff did want to pursue his claims. Plaintiff made no legal arguments and did not address the substance of the motion.

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "When determining whether the movant has met its burden, the court must assess the documentary materials submitted by the parties in the light most favorable to the nonmoving party." *Id.* The party seeking summary judgement shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the nonmoving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

### Law/Analysis

In their motion for summary judgment, Defendants argue that Plaintiff has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e. (Dkt. No. 49 at 4-5). Defendants submitted affidavits of Defendant Bufford and Defendant Myers to rebut the claim that the Plaintiff filed any grievances with the facility in accordance with PLRA regulations. (Dkt. No. 39, Memorandum of Support at 3). They also submitted an affidavit of Kenneth Sligh, the Grievance Coordinator for

3

ASGDC, who testified that he reviewed the Plaintiff's grievance history and "Plaintiff did not file a single grievance while he was being detained at ASGDC." (Dkt. No. 39-6 at 2).

In *Williams v. Griffin*, the Fourth Circuit held that when a party files a motion for summary judgment, the non-moving party cannot only rely on matters pleaded in the complaint, but must adequately respond to the motion. 952 F.2d 820, 821 (4th Cir. 1991). "However, a verified complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge." *Id.* (citing *Davis v. Zahradnick*, 600 F.2d 458, 459-60 (4th Cir. 1979) (holding that the factual allegations contained in a verified complaint establish a *prima facie* case under 42 U.S.C. § 1983, so as to preclude summary judgment)). However, Plaintiff's allegations in his verified complaint incorporate no facts or details that support his claim that he filed grievances about the water on the stairs; he does not give a date on which he submitted a complaint, provide any paperwork to support his claim, or give names or supporting affidavits of witnesses to such a grievance. *C.f. Madison v. Kilbourne,* No. CIV.A. 704CV00639, 2005 WL 3435036, at *2-3 (W.D. Va. Dec. 14, 2005) (issue of material fact as to administrative exhaustion existed where Plaintiff submitted only a carbon copy of an appeal he submitted late in the grievance process). In any case, it is well established in this Circuit that a slip and fall claim may not sound in a Section 1983 Eighth Amendment claim. *Mitchell v. State of W. Va.*, 554 F. Supp. 1215, 1217 (N.D.W. Va. 1983) ("Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles.") Even if he were to assert a specific attempt to exhaust his administrative remedies as to the water on the stairs, the Court would not be able to address it as such a negligence claim cannot be brought pursuant to Section 1983.

4

Plaintiff does not make even a bare allegation that he submitted a grievance as to the allegedly unconstitutional conditions (lack of sanitary facilities and running water after his injury) that would support his Section 1983 claim. And Plaintiff has made no response whatsoever to the affidavits attached to the motion for summary judgment, which include testimony from three ASGDC employees stating that he submitted no grievances on his conditions of confinement in the cell without running water.

### Conclusion

For the reasons set forth above, the Court ADOPTS the R&R of the Magistrate Judge and GRANTS Defendants' motion for summary judgment.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July __14__, 2015
Charleston, South Carolina

5